UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**VIRGINIA RODINO**

7251 Dockside Lane

Columbia MD 21045

    Plaintiff

v

                                 JURY TRIAL DEMAND

**SERVICE EMPLOYEES INTERNATIONAL UNION (SEIU)**

1800 Massachusetts Avenue, NW

Washington DC 20036

    Defendant

**COMPLAINT**

1. Plaintiff Virginia Rodino brings this action against her former employer, SEIU to redress willful violations of the Americans with Disabilities Act of 1990, 42 USC Sec 12101 et seq (ADA), the Family Medical Leave Act, 29 USC Sec 2601 and the District of Columbia Family and Medical Leave Act, DC Code 32-509 et seq (DCFMLA). Ms Rodino seeks to recover all lost wages, salary, employment benefits, compensatory damages, consequential damages, attorneys' fees and costs due to SEIU's violations of the ADA and DCFMLA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the claims in the action pursuant to 28 USC 1331 and 28 USC 1367.

3. This Court has personal jurisdiction over Defendant because its principal place of business is in the District of Columbia and Defendant's acts and omissions occurred in the District of Columbia.

4. Venue is proper in the District of Columbia pursuant to 28 USC 1391 because a substantial portion of the events or omissions giving rise to the claims occurred in the District of Columbia, and because at all relevant times, Defendant was transacting business in the District of Columbia.

## ADMINISTRATIVE REMEDIES

5. On March 11, 2019 Ms Rodino filed a charge of discrimination under the DCFMLA at the DC Office of Human Rights for events that began in January 2019.

6. On September 11, 2019 filed a charge of discrimination under the ADA and FMLA, at the Washington Field Office of the EEOC based, in part, on her separation from employment with Defendant occurring on August 28, 2019.

7. On August 17, 2020, upon Plaintiff's request, the Washington Field Office of the EEOC issued a Notice of Right to Sue.

8. After it was informed that Plaintiff had requested a Right to Sue letter, DCOHR administratively dismissed Plaintiff's charge.

9. This complaint is filed within 90 days of Plaintiff's Right-to-Sue letter.

**PARTIES**

10. Plaintiff Virginia Rodino is a United States citizen of Korean descent, who was employed by Defendant in its Communications Department since 2007 until her separation in August 2019.

11. Defendant SEIU is a labor union that organizes individuals employed in numerous occupations throughout the United States and Canada. Defendant's international headquarters, where Plaintiff worked, is located in the District of Columbia. Defendant SEIU is an employer within the meaning of the ADA, FMLA, and DCFMLA

**FACTUAL ALLEGATIONS**

12. Plaintiff worked for the Defendant since 2007 in its communications department until her separation form employment on or about August 26, 2019.

13. Since the beginning of her employment with SEIU, Ms Rodino consistently communicated with the Defendants' human resources (HR) department and her several different supervisors that she needed to telework during the times her brother was visiting her. From 2007 until 2018, her brother would visit approximately once per month and stay for one week.

14. Since his birth, Ms Rodino's brother (Michael Rodino) has been diagnosed as autistic. This medical condition limits all his major life activities related to cognitive ability. He has the mental capacity of a four year old, although his date of birth is April 25, 1985.

15. Sometime in 2011, Ms Rodino requested FMLA leave to care of Michael during his visits with her. Defendant's HR department told her that this would involve too much time off and suggested a reasonable accommodation of teleworking during her brother's visits. This was accepted by Ms Rodino and the accommodation continued until terminated in 2019.

16. In late 2018, Ms Rodino alerted her supervisor and HR that Michael would be moving permanently to Maryland to say with her on a full time basis. Ms Rodino had applied for a transfer of legal guardianship to her from her relatives in Ohio. The change was necessary to protect Michael's best interests. Their aunt and other relatives in Ohio were becoming too elderly to adequately care for Michael. Unless Ms Rodino took on this responsibility, Michael would end up in a foster care situation.

17. In January 2019, Ms Rodino again alerted her supervisor and HR to her prospective status as Michael's legal guardian, Michael's move to Maryland to stay permanently, and her need to telework. The accommodation of teleworking was not opposed. Ms Rodino was eventually granted legal guardianship in June 2019.

18.  On or about January 31, 2019, Ms Rodino was sent an email threatening discipline if she did not deploy to California.

19.  On or about February 11, 2019, filed two FMLA petitions with SEIU's HR. One petition was for leave to care for Michael and the other was a leave request for herself.

20.  The stress of keeping up with her job assignments, caring

full time for Michael, all the while under the threat of job discipline, caused Ms Rodino to develop the conditions of anxiety and depression. These mental conditions affected her major life activities of eating, sleeping, and concentrating.

21. As a result of the allegations in paragraphs 14, 20, and other pertinent paragraphs of this complaint, both Michael and Ms Rodino were members of a protected class of persons as defined in the ADA, FMLA, and DCFMLA.

21. The leave request to care for Michael was denied. The leave request for Ms Rodino was initially approved, but the approval was rescinded on or about March 4, 2019.

22. On or about April 1, 2019, Ms Rodino requested an accommodation to care for her brother and her own medical condition. There was no response to the request.

23. On or about May 6, 2019, Ms Rodino informed SEIU HR and her supervisor Jamie Way that she could return to work. The request went unanswered. Later that same day, Ms Rodino contacted Ms Way's supervisor, Cynthia Kain, who told her that she would email Ms Rodino tasks to be completed.

24.  On or about May 7, 2019, Ms Kain informed Ms Rodino that she was not authorized to have an accommodation.

25.  On or about May 19, 2019, Ms Rodino's psychologist submitted a letter to SEIU HR releasing her to return to work with the accommodation of teleworking. There was no response form SEIU.

26. On or about June 4, 2019, SEIU requested that Ms Rodino's primary care physician provide more information about an accommodation request he had submitted on March 21, 2019. On June 12, 2019 a response from the doctor was provided.

27. On or August 16, 2019, an attorney for SEIU, Sasha Alleyne, sent Ms Rodino an email stating her accommodation requests were denied.

28. At a meeting on August 26, 2019, Ms Alleyne informed Ms Rodino that SEIU would separate her from employment at the end of the month.

## COUNT 1
### Violation of the Americans with Disabilities Act of 1990, as amended 42 USC Sec 12101 et seq

As described more fully in the relevant preceding paragraphs that are incorporated by reference, SEIU violated the ADA when it (i) failed to extend to Plaintiff the reasonable accommodation of teleworking, (ii) failed to extend to Plaintiff the reasonable accommodation of leave to recover from her mental health conditions, and (iii) failed to extend to Plaintiff the reasonable accommodation of leave to provide care for her autistic brother.

## COUNT 2
### Violation of the Family Medical Leave Act, 29 USC Sec 2601

As described more fully in the relevant preceding paragraphs that are incorporated by reference, SEIU violated the FMLA when it (i) denied Plaintiff's leave request to recover from her

mental health conditions, and (ii) denied Plaintiff's leave request to provide care for her autistic brother.

## COUNT 3

### Violation of the District of Columbia Family and Medical Leave Act, DC Code 32 - 509

As described more fully in the relevant preceding paragraphs that are incorporated by reference, SEIU violated the DCFMLA when it (i) denied Plaintiff's leave request to recover from her mental health conditions, and (ii) denied Plaintiff's leave request to provide care for her autistic brother.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter Judgment in favor of Plaintiff and award the following:

(i)   back pay and front pay in amounts to be determined at trial;

(ii)  compensatory and consequential damages in amounts to be determined at trial;

(iii) attorneys' fees and costs of this action;

(iv)  such other and further relief as the case may require

### JURY DEMAND

Plaintiff demands a trial by jury on all counts.

VIRGINIA RODINO
By Counsel
/ S / Stephen Scavuzzo
_____

```
Stephen Domenic Scavuzzo (318279)
1750 Tysons Blvd
Suite 1500
McLean VA 22102
703 319 8770 (O)
703 319 1747 (F)
```
scavuzzolaw@aol.com